IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

THE PIKE COMPANY,

           Plaintiff,

v.

TRI-KRETE, LTD.,

           Defendant.

---

Civil Action No.
6-18-CV-06311

**AFFIDAVIT IN SUPPORT
OF MOTION TO STAY**

STATE OF NEW YORK    )
                       ) ss:
COUNTY OF ONODNAGA )

Edward J. Sheats, being duly sworn, deposes and says:

1.      I am an attorney admitted to practice before the Courts of the State of New York, including the United States District Court for the Western District of New York, and am a partner with the law firm of Sheats & Bailey, PLLC, attorneys for Tri-Krete, Ltd., the defendant herein. This affidavit is submitted in support of defendant's motion for an order staying the further prosecution of this action and compelling arbitration pursuant to General Business Law §756-b(3)(c). I am fully familiar with all of the facts and circumstances stated herein.

2.      Plaintiff brought this action in the Western District of New York under diversity jurisdiction. Actions brought in this Court under diversity jurisdiction require the Court to apply the substantive law of the State of New York to this action.

3.      Plaintiff and Defendant entered into a Master Subcontract Agreement and

1

a work order dated June 14, 2016.  Tri-Krete was to manufacture and install architectural precast concrete panels for phase 2 of the project known as Phase 2 Marist College North Campus Housing.  The Project is in Poughkeepsie, New York.  The total amount of the contract before any change orders or contract revisions was $7,027,005.00.  (**Exhibit A**).

4.    Tri-Krete finished work under the contract plus extra work performed at the request of Pike.  Tri-Krete submitted payment applications, invoices and contract revisions to Pike.  Under New York State's Prompt Payment Act a general contractor must approve or disapprove with a written explanation for the rejection a subcontractor's invoice within 12 days of receiving said invoice. N.Y. Gen. Bus. Law §756-a(2)(ii).  Pike unreasonably withheld approval for more than twelve days after submittal of the following invoices and payment applications:

Tri-Krete's payment application 12 for the period ending June 30, 2017;

Payment application 13 for the period ending July 31, 2017;

Invoice No. 8880 for building C dated August 23, 2017;

Invoice No. 8893 for building C dated September 25, 2017;

Invoice No. 8894 for building D dated September 25, 2017;

Invoice No. 8915 for building C dated October 25, 201;

Invoice No. 8916 for building D dated October 25, 2017l

Contract revisions (change orders) 1-20 as identified on the attached ledger **(Exhibit B).**

Pike has failed to pay Tri-Krete on the numerous invoices and owes Tri-Krete $4,172,859.27 plus interest.

5.      The parties were unable to resolve the non-payment of invoices and participated in mediation under the American Arbitration Association ("AAA") Construction Industry Rules, and as required by the subcontract.

6.      As mediation was unsuccessful, Tri-Krete invoked its rights under New York State's Prompt Payment Act, General Business Law Article 35A.

7.      New York State's Prompt Payment Act ("PPA") governs payment procedures and remedies for private non-residential construction contracts in excess of $150,000.00.

8.      The PPA sets forth detailed procedures regarding the timing of and steps to be taken in submitting, reviewing, and approving, disputing and paying construction progress payments.  See G.B.L. 756-a

9.      The PPA gives an aggrieved party not paid on their invoices the right to refer the dispute to expedited arbitration with the AAA.  G.B.L 756-b (3)(c).

10.      New York State's Prompt Payment Act renders void and unenforceable any contract clause that denies the aggrieved parties rights to expedited arbitration under the AAA rules.  G.B.L. §757 (3).  This section of the law states that:

> The following provisions of construction contracts shall be void and unenforceable:
>
> . . .
>
> 3.  A provision, covenant, clause or understanding in, collateral to or affecting a construction contract stating that expedited arbitration as expressly provided for and in the manner established by section seven hundred fifty-six-b of this article is unavailable to one or both parties.
>
> . . .

3

11.     As required by the PPA, Tri-Krete sent a notice of complaint to Pike, informing Pike of its violations under the Prompt Payment Act and that if not resolved within 15 days of receipt of this complaint, Tri-Krete would refer this to expedited arbitration pursuant to G.B.L. §756-b (3)(c). **(Exhibit C).**

12.     The matter was not resolved, so on June 12, 2018, Tri-Krete filed a demand for expedited arbitration with the AAA pursuant to General Business Law §756-b (3)(c) and served the demand on Pike.  **(Exhibit D).**  The arbitration is pending.  The first administrative conference call was held among the parties and the AAA on June 19, 2018.  The parties are preparing to select arbitrators and make disclosures.

13.     Pike will most likely argue that the parties agreed under the contract that litigation was the sole dispute resolution for any matters not resolved by mediation as the subcontract contains the following dispute resolution clauses:

> If a dispute arises out or relates to this Master Subcontract or its breach that is not resolved through direct discussion then the parties shall participate in mediation under the Construction Industry Rules of the American Arbitration Association.  (Exhibit A, Subcontract section 11.1)

> Any controversy or claim not resolved through mediation shall be settled according to the dispute resolution procedure of the prime contract.  (Exhibit A, Subcontract section 11.2)

> The Prime Contract states that any disputes not resolved through mediation must be litigated in a court of competent jurisdiction. (Prime Contract, **Exhibit E** section 13.2)

14.     G.B.L. § 757 (3) renders void and unenforceable any contractual provision that makes expedited arbitration unavailable to one or both parties.

4

15.    This Court must apply New York State substantive law under federal law for diversity jurisdiction and under the choice of law clause in the contract, which states:

> **Governing Law:**  All matters relating to the validity, performance, interpretation or construction of this Master Subcontract Agreement, or the breach of this Master Subcontract Agreement, shall be governed by the law in effect at the location of the Project.  (**Exhibit A, Subcontract section 13.3**).

16.    The Court must apply General Business Law section 757(3) and find the subcontract's dispute resolution clause void and unenforceable.

17.    This Court must enforce Tri-Krete's absolute right to expedited arbitration under General Business Law Section 756-b (3)(c).

18.    This action has already been referred to alternative dispute resolution pursuant to WDNY Local Rule 16.  (**Exhibit F**, Civil Docket showing automatic referral to the Alternate Dispute Resolution Program on April 23, 2018).  The main dispute resolution procedure under the ADR program is mediation, which has already been unsuccessfully completed by the parties to this action.  Another is binding arbitration of all issues.  See, WDNY ADR Program Rule 4.1(A.).  An order enforcing Tri-Krete's right to expedited arbitration under the PPA would accord with this Court's stated preference for alternative dispute resolution for all issues.

19.    This Court should permanently stay these proceedings due to arbitration under General Business Law section 756-b (3)(c) and should compel Pike to arbitrate as required under New York State's Prompt Payment Act.  Moreover, Tri-Krete respectfully requests this Court order arbitration of all case issues pursuant to this Court's stated preference for alternate dispute resolution as opposed to binding arbitration of issues solely under the PPA.

Edward J. Sheats

Sworn to before me on June 25, 2018.

Notary Public

PATRICIA BOURGOIN
Notary Public, State of New York
Qualified in Onon. Co. No. 4884922
My Commission Expires 2/17/19

6