UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE PIKE COMPANY, INC.,

                    Plaintiff,

        v.

TRI-KRETE LIMITED,

                    Defendant.

---

**DECISION AND ORDER**

6:18-CV-06311 EAW

## BACKGROUND

Plaintiff The Pike Company ("Pike") commenced this action on April 20, 2018, against Defendant Tri-Krete Limited ("Tri-Krete") for breach of contract. (Dkt. 1). Tri-Krete thereafter asserted several counterclaims against Pike, including common law causes of action for breach of contract and unjust enrichment, and violations of the New York Prompt Payment Act, N.Y. Gen. Bus. Law §§ 756-758 ("PPA"). (Dkt. 5 at 4-7).

Contemporaneously with the filing of its Answer, Tri-Krete filed a motion to stay this action and to compel arbitration based upon the alleged PPA violations. (Dkt. 7). Pike opposed Tri-Krete's motion. (Dkt. 9; Dkt. 22). On November 20, 2018, this Court entered a Decision and Order granting Tri-Krete's motion for arbitration and denying Pike's motions seeking to stay arbitration. (Dkt. 39) (the "November 2018 Decision")[1]. More specifically, the Court held that the "alleged PPA violations . . . encompassed by Tri-

---

[1]     The factual and procedural background of this matter are set forth in detail in the November 2018 Decision, familiarity with which is assumed for purposes of the instant Decision and Order. The Court has summarized the relevant developments following entry of the November 2018 Decision.

Krete's fourth counterclaim" were arbitrable.    (*Id*. at 22).  The Court further found that Pike's claim for breach of contract and Tri-Krete's counterclaims for breach of contract, unjust enrichment, and unpaid labor and materials were not arbitrable.  (*Id*. at 22-23).  The Court explained that while Pike could "argue to the [arbitration] panel that Tri-Krete's purported breach of the Subcontract[2] represent defenses to its obligations under the PPA," the arbitration panel would be "without jurisdiction to determine whether Pike has asserted a meritorious common law cause of action for breach of contract."  (*Id*. at 23).  The Court stayed the remainder of this action pending arbitration of the PPA claims.  (*Id*. at 28).

Following briefing and a hearing, on March 9, 2020, the arbitration panel issued a final arbitration award (the "Arbitration Award") finding that: (1) Pike violated the PPA by not paying $262,689.36, plus interest, to Tri-Krete on Tri-Krete's Payment Application #12; (2) Tri-Krete is entitled to interest at 1% per month on that sum from August 17, 2017; (3) Pike did not violate the PPA by not paying Tri-Krete's Payment Application #13 or Tri-Krete's invoices 8880, 8893, 8894, 8915, and 8916; (4) there was insufficient proof to establish that Pike acted in bad faith or unreasonably withheld payment from Tri-Krete; (5) the administrative fees and expenses of arbitration ($18,975.00) and the compensation and expenses of the arbitrators ($108,141.35) are to be borne equally, such that Pike is required to pay Tri-Krete an amount of $9,487.50.  (Dkt. 43-8 at 19).

---

[2]    As explained in the November 2018 Decision, the "Subcontract" refers to the Master Subcontract Agreement and Work Order, dated October 2, 2015, and June 14, 2016, respectively, that govern the relationship between the parties as relevant to the instant action.  (Dkt. 39 at 2).

On November 16, 2020, Tri-Krete filed a motion for confirmation of the Final Award pursuant to Section 9 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 9. (Dkt. 43 at 1).  Tri-Krete further asks the Court to enter a judgment against Pike in the amount of $262,689.36 plus interest at 1% per month from August 17, 2017, until the date of payment, and to award Tri-Krete "the costs and disbursements associated with this proceeding including attorneys' fees[.]"  (*Id.*).  Finally, Tri-Krete asks the Court to lift the stay in this matter.  (*Id.*).

On December 11, 2020, Pike filed an opposing motion asking the Court to stay "the entry/execution of a judgment against The Pike Company, Inc. in the amount of $262,689.36 plus interest at 1% per month from August 17, 2017 until the final resolution of The Pike Company, Inc's claims against Tri-Krete, Ltd."  (Dkt. 46 at 1).  Pike does not oppose the request that the stay of this matter be lifted.

Tri-Krete filed a reply in further support of its motion and a response in opposition to Pike's motion on January 8, 2021.  (Dkt. 49).  Pike filed a reply in further support of its motion on January 15, 2021.  (Dkt 50-3).

## DISCUSSION

"The FAA provides a 'streamlined' process for a party seeking a 'judicial decree confirming an award, an order vacating it, or an order modifying or correcting it.'"  *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated,

modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quotations and citations omitted).

"Courts . . . play only a limited role when asked to review the decision of an arbitrator, and only a very narrow set of circumstances delineated by statute and case law permit vacatur." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007) (quotations and citations omitted). Pike does not argue that any such circumstances are present here, and indeed "does not oppose the confirmation of the Final Award to the extent it is properly read and understood." (Dkt. 46-1). However, Pike asks the Court to stay entry and/or execution of a final judgment entered upon the Final Award. In support of this request, Pike argues that: (1) "[t]he language contained in the . . . Final Award does not direct that Pike, at the conclusion of the Arbitration, was required to pay Tri-Krete $262,689.36 plus interest from August 17, 2017 until paid," and Tri-Krete is thus "not currently entitled to an immediately payable/enforceable judgment"; and (2) the Court should stay entry and/or enforcement of judgment as a matter of discretion because of Pike's potential set-off rights and unresolved claims. (Dkt. 46-1 at 3-13).

Tri-Krete has not responded to Pike's first argument regarding the language of the Final Award. However, the Court does not find this argument persuasive. Pike notes that the arbitrators expressly said "The Pike Company has to pay Tri-Kete Ltd., an amount of $9,487.50" in connection with the portion of the Final Award dealing with administrative fees and expenses, but did not include similar language in the portion of the Final Award concluding that Pike violated the PPA by not paying $262,689.36 on Pay Application #12 and that Tri-Krete is entitled to that sum plus interest in the amount of 1% per month from

August 17, 2017.  According to Pike, this difference in language indicates the arbitrators' "awareness of the pending litigation and remaining issues" and reflects the arbitrators' intention to leave open the possibility that the Pike should not be obliged to pay Tri-Krete until this action is finally resolved.  (Dkt. 46-1 at 4).

Pike has cited no case law that supports this argument, nor has the Court discovered in its own research a factually analogous circumstance wherein a court determined that, despite a clear finding in the arbitration award of the amount owed by one party to another on a particular claim, there was an implicit stay of the payment obligation.  This is unsurprising, inasmuch as the Court interprets an arbitration award according to its plain language.  *See Daum Glob. Holdings Corp. v. Ybrant Digital Ltd*., No. 13-CV-3135 AJN, 2015 WL 5853783, at *3 (S.D.N.Y. Oct. 6, 2015).  The Court does not search for hidden meanings or attempt to divine the arbitrators' intentions.  To the contrary, if an arbitration award is "ambiguous or incomplete," the proper course is remand to the arbitrators. *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 112 (2d Cir. 1993).

Here, the arbitrators unambiguously concluded that Tri-Krete is entitled to $262,689.36 plus interest in the amount of 1% per month from August 17, 2017 for the PPA violation.  The arbitrators did not indicate that there were any pre-conditions that had to be satisfied or open questions regarding that liability.  Further, as Pike acknowledges, "when the question was raised whether any award should be stayed pending the conclusion of the federal litigation, the [arbitrators] specifically concluded that the determination of that question was outside the scope assigned to [them] by this Court."  (Dkt. 46-1 at 4).

The Court thus rejects Pike's argument that the language of the Final Award necessarily conditions Tri-Krete's payment obligation on resolution of the other claims in this action.

Turning to Pike's second argument, it is well-established that a "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997) (recognizing "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" (citation omitted)).   Although the Second Circuit has not addressed the issue, the First Circuit has held that a district court is empowered to defer entering judgment on a final arbitration award "for prudential reasons." *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995); *cf. DeMartini v. Johns*, 693 F. App'x 534, 538 (9th Cir. 2017) (reviewing for abuse of discretion district court's denial of "Defendants' request to stay ruling on Plaintiffs' motion to confirm the arbitration award"). *But see Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 733 (D.C. Cir. 2012) (finding that district court's order staying confirmation of arbitration award pending resolution of other litigation, "exceeded the bounds of any inherent authority the district court may have had to stay proceedings in the interest of judicial economy").

At least one court in this Circuit has relied on the First Circuit's decision in *Hewlett-Packard* to grant a motion to stay enforcement of a confirmed arbitration award pending resolution of a final accounting. *Companhia De Navegacao Maritima Netumar v. Armada Parcel Serv., Ltd.*, No. 96 CIV. 6441 (PKL), 1997 WL 16663, at *7 (S.D.N.Y. Jan. 17, 1997); *see also Katz v. Feinberg*, No. 99 CIV. 11705 (CSH), 2001 WL 1132018, at *4

(S.D.N.Y. Sept. 24, 2001) (granting motion to stay enforcement of judgment pending resolution of arbitration regarding related set-off claim).

Before assessing the merits of Pike's request, the Court must clarify a procedural point. Although courts are not always precise in the language they use in this context, there is a distinction between confirmation of an arbitration award and the subsequent entry of final judgment thereon. As the First Circuit explained in *Hewlett-Packard*, "the order confirming the award is not itself a judgment that can be collected through court processes until it is entered on the docket as a judgment." 61 F.3d at 101 (citing 9 U.S.C. § 13)[3]. Further, under Federal Rule of Civil Procedure 54:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

In all of the cases cited by the parties wherein a court considered a motion to stay either confirmation of the arbitration award or entry/execution of the judgment on the confirmation order, there was a separate arbitration or a separate ongoing lawsuit. *See*

---

[3]     Notwithstanding the fact that it is not itself a final judgment, an order confirming an arbitration award is immediately appealable pursuant to 9 U.S.C. § 16(a)(1)(D). *See Thule AB v. Advanced Accessory Holdings Corp.*, No. 09 CIV. 00091 (PKC), 2010 WL 2287012, at *2 (S.D.N.Y. June 1, 2010) ("The text of the FAA does not require that an order be reduced to final judgment to be appealable.").

- 7 -

*Hewlett-Packard*, 61 F.3d at 103 (second arbitration); *Injazat Tech. Fund, B.S.C. v. Najafi*, No. C 11-4133 PJH, 2012 WL 1535125, at *2 (N.D. Cal. May 1, 2012) (second arbitration); *Brice Bldg. Co., Inc. v. Lee*, No. CV-10-BE-0091-S, 2010 WL 11561713, at *2 (N.D. Ala. Sept. 30, 2010) (state court lawsuit); *Katz*, 2001 WL 1132018, at *1 (second arbitration); *Companhia*, 1997 WL 16663, at *7 (second arbitration). In other words, these were not cases in which the outstanding claims that purportedly justified the requested stay were pending in the same action.

However, in its own research, the Court discovered another case in which the additional claims were pending in the same action—*Middleby Corp. v. Hussmann Corp.*, No. 90 C 2744, 1991 WL 119123, at *3 (N.D. Ill. June 26, 1991). In *Middleby*, as in the instant case, the plaintiff, which had lost in arbitration, "concede[d] the validity of the arbitration award and [did] not object to confirmation of the award." *Id*. at *3. The court accordingly granted the petition to confirm the arbitration award under the FAA. *Id*.

The *Middleby* court then assessed the plaintiff's "object[ion] to enforcement of the award pending the outcome of its other claims against [the defendant] regarding the [relevant] transaction" under the rubric of Rule 54(b). *Id*. The court explained that "[t]he factual overlap between the arbitration proceeding and the pending litigation convince this court that entry of final judgment on the arbitration award is not warranted until the entire case is resolved." *Id*.

Courts within this Circuit have also applied Rule 54(b) to orders confirming arbitration awards, albeit not in the context of a request for a stay. *See, e.g., 1999/Seiu United Healthcare Workers E. v. Far Rockaway Nursing Home*, No. 14 CIV. 5033 (BMC),

2015 WL 13650033, at *1 (E.D.N.Y. Jan. 30, 2015) ("The court also finds, pursuant to Federal Rule of Civil Procedure Rule 54(b), that there is no just reason for delay in entering judgment in favor of plaintiff based on the Court's confirmation of the arbitration award. Defendant . . . has sought contribution by impleader of the estates of other general partners. The liabilities of the defendant's general partners *inter se* do not bear on plaintiff's entitlement to relief."); *Krantz & Berman, LLP v. Dalal*, No. 09 CIV. 9339 DLC, 2011 WL 2923938, at *1 (S.D.N.Y. July 20, 2011) ("On February 3, 2011, the arbitrator issued an award (the 'Award') against [the defendant] in the amount of $470,937.17 plus $9,600 in arbitration fees. . . . The Court confirmed the Award by Opinion of May 12. Pursuant to Rule 54(b), Fed.R.Civ.P., the Court granted partial judgment in favor of [the plaintiff] in the total amount of $480,537.17 by Order of May 18" (citation omitted)); *MCT Shipping Corp. v. Sabet*, 497 F. Supp. 1078, 1083 (S.D.N.Y. 1980) (directing entry of final judgment on order confirming arbitration award under Rule 54(b)).

Here, the Final Award plainly resolves "fewer than all" of the claims in this action. As a general rule, the Court's issuance of an order resolving only Tri-Krete's fourth counterclaim (which is the practical effect of confirmation of the Final Award) would not result in the entry of final judgment. Accordingly, although the parties have briefed the matter with reference to the Court's inherent authority to stay proceedings, the Court views the relevant inquiry as whether entry of a partial final judgment is warranted under Rule 54(b). For the reasons that follow, the Court concludes that it is not.

In assessing whether a partial final judgment should be entered under Rule 54(b), "[a] district court must first determine that it is dealing with a 'final judgment.' It must be

a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'  Once having found finality, the district court must go on to determine whether there is any just reason for delay."  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980).  In determining whether there is any just reason for delay, "the court must balance the judicial administrative interests and relevant equitable concerns."  *Dayton Superior Corp. v. Spa Steel Prod., Inc*., No. 1:08-CV-1312 FJS RFT, 2010 WL 3825619, at *5 (N.D.N.Y. Sept. 24, 2010).   "The relevant equitable considerations include the possibility of setoff, the financial solvency of the parties, the ability of a party to collect a judgment, the length of the delay if judgment is not entered immediately, and the size of the appeal bond required if judgment is entered immediately."  *Id*.  The "determination of whether to grant Rule 54(b) certification is committed to the discretion of the district court."  *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991).

Here, the Court finds that the first prong of the Rule 54(b) analysis is satisfied.  The Final Award disposes of Tri-Krete's claim that Pike violated the PPA in its entirety.  *See Cambridge Valley Machining, Inc. v. Hudson MFG LLC*, No. 1:18-CV-1022, 2020 WL 6059787, at *4 (N.D.N.Y. Oct. 14, 2020).

However, the Court finds that there is just reason for delay in entering final judgment with respect to the Final Award/fourth counterclaim.  Specifically, as Pike notes in its papers, Section 2.9 of the Subcontract expressly permits Pike to withhold "any payment or payments due or to become due" to Tri-Krete in the event of certain breaches

- 10 -

of contract by Tri-Krete.  (Dkt. 10 at 45).  The fact that "the claims and counterclaims in this case . . . arise out of the same underlying set of facts, and require an interpretation of the duties and obligations of the parties pursuant . . . [to their] business relationship," *RIJ Pharm. Corp. v. Ivax Pharms.*, Inc., 322 F. Supp. 2d 406, 417 (S.D.N.Y. 2004), counsels against entry of partial final judgment under Rule 54(b).  Moreover, Pike "allege[s] a potential offset near or greater than the amount of damages [Tri-Krete] is entitled to" on its PPA claims.  *Cambridge Valley*, 2020 WL 6059787, at *4; *see also Dayton*, 2010 WL 3825619, at *5.

Tri-Krete's argument that Pike's claim for an offset is subsumed in the Final Award (*see* Dkt. 49-1 at 10-11) is unpersuasive.  As the Court explained in the November 2018 Decision, "[a]n arbitration decision may effect collateral estoppel in a later litigation or arbitration if the proponent can show with clarity and certainty that the same issues were resolved." (Dkt. 39 at 23 (quoting *Bear, Stearns & Co. Inc. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 91 (2d Cir. 2005) (internal quotation marks omitted))).  Here, the Court does not have before it a sufficient record to reach a determination regarding the collateral estoppel effect of the Final Award.  Further, the Court took great pains to establish in the November 2018 Decision that the arbitrators were "without jurisdiction" to assess the merits of Pike's breach of contract claim.  (*Id.*).  While Tri-Krete can certainly argue the collateral estoppel effect of the Final Award in subsequent phases of this litigation, the Court cannot say at this stage of the proceedings that the Final Award precludes the possibility that Pike will ultimately prevail on its breach of contract claim.

The Court is further unpersuaded by Tri-Krete's contention that failing to enter immediate judgment on the PPA claim would frustrate the purposes of the PPA.  As Tri-Krete acknowledges, the "Remedies" section of the PPA "does not explicitly direct payment of amounts owed" (Dkt. 49-1 at 13 (citing N.Y. Gen. Bus. L. § 756-b(1)(b)), but instead provides for the payment of interest on amounts withheld in violation of the PPA. The PPA thus does not, on its own terms, require immediate payment notwithstanding the existing of a potentially offsetting claim by Pike.  Further, the Final Award expressly requires the ongoing accumulation of interest in favor of Tri-Kete, thereby satisfying the purposes of the PPA while also protecting against any potential prejudice.

Under the circumstances of this case, and in its discretion, the Court finds that the "no just reason for delay" requirement of Rule 54(b) has not been satisfied.  Accordingly, while the Court, by this Decision and Order, confirms the Final Award entered by the arbitrators, it does not find that partial final judgment should be entered at this time.  In light of this finding, the Court denies Pike's request to stay entry and/or execution of said final judgment as moot.

Finally, the Court turns to the other two requests for relief set forth in Tri-Krete's motion—a request for an award of "the costs and disbursements associated with this proceeding including attorneys' fees" and a request to lift the stay in this matter.  (Dkt. 43 at 1).  As to the request for costs and disbursements, including attorneys' fees, Tri-Krete has made no substantive argument whatsoever as to its entitlement to such relief, nor has it submitted to the Court any evidentiary proof regarding the amount of any such costs and disbursements.  Accordingly, this request is denied without prejudice.

- 12 -

Tri-Krete's request to lift the stay is granted.  The conclusion of the arbitration eliminates the basis for the stay, and the remaining claims in this matter are now ready to proceed.  Pike has not opposed this request by Tri-Krete.

## **CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part Tri-Krete's motion to confirm the Final Award.  (Dkt. 43).  Specifically, the Court confirms "the Final Award rendered by the panel in an arbitration held before International Centre for Dispute Resolution, International Arbitration Tribunal entitled *Tri-Krete Ltd., Claimant, v. The Pike Company, Respondent, ICDR Case No. 02-17-0006-0053*."  (*Id*. at 1).  The Court further grants Tri-Krete's request that the stay of this matter be lifted.  The Court will, by separate order, refer the matter to a magistrate judge to conduct a pretrial conference and set a schedule pursuant to Federal Rule of Civil Procedure 16.

The Court denies Tri-Krete's request for entry of final judgment and request for costs and disbursements, including attorney's fees.  The Court further denies as moot Pike's motion to stay entry and/or execution of judgment.  (Dkt. 46).

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  November 9, 2021
        Rochester, New York

- 13 -